**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**SCOTT MATTHEW PIERCE,**

**Plaintiff,**

**v.**                                                              **Civil Action No. 2:18cv33
(Judge Bailey)**

**UNITED STATES OF AMERICA**

**Defendant.**

**REPORT AND RECOMMENDATION**

**I.   INTRODUCTION**

On March 26, 2018, Plaintiff initiated this case by filing a *pro se* complaint pursuant to the Federal Tort Claim Act ("FTCA").[1]  Because the complaint was not on the court approved form, the Clerk of Court sent him a Notice of Deficient Pleading and enclosed the required form. On April 16, 2018, Plaintiff filed the court-approved form. This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2, and 28 U.S.C. §§ 1915(e) and 1915(A).

**II. THE COMPLAINT**

In his complaint, Plaintiff alleges that Dr. Vaslakis and his assistant, Romona Locko, both employed by Monongalia Hospital, caused a serious burn to his right arm

---

[1] Plaintiff's complaint was actually styled as a complaint pursuant to both the Federal Tort Claims Act and Bivens. Because neither court approved form was used, the Clerk of Court also sent Plaintiff a Notice off Deficient Pleading and Intent to Dismiss with respect to the Bivens action. On May 24, 2017, Plaintiff filed his Bivens action on the court-approved form, and it has been assigned case number 3:18cv85. All proceedings with respect to his Bivens claim will go

1

with a bovie[2], when they failed to holster it, but instead laid it against his arm. In addition, Plaintiff alleges that the burn was not properly or continuously treated which caused an infection and further pain and injuries. Plaintiff maintains that Vaslakis and Locko were acting as Bureau of Prison medical staff on behalf of the United States. For relief, he seeks damages in the amount of $50,000.

On or about July 28, 2016, Plaintiff filed his administrative tort claim indicating that he was injured on April 28, 2016, and seeking $50,000 in damages. ECF No. 6-2 at 5. On September 12, 2016, the claim was denied.  The denial letter notified Plaintiff that if he was dissatisfied, he could file suit in the appropriate U.S. District Court not later than six month after the date of the letter. ECF No. 6-2 at 4.

## II. Standard of Review

Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  However, the Court must read *pro se*

---

forward in that civil action number.

[2] A bovie is an instrument used for electrosurgical dissection and hemostasis. https://medical-dictionary.thefreedictionary.com.

allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519, 520 (1972).   A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous.   See Neitzke, 490 U.S. at 328.   Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[3] or when the claims rely on factual allegations which are "clearly baseless."   Denton v. Hernandez, 504 U.S. 25, 32 (1992).   This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

### III.   ANALYSIS

It is well-established that the United States is immune from suit unless it consents to be sued. See United States v. Testan, 424 U.S. 392 (1976).   However, the FTCA waives the federal government's traditional immunity from suit for claims based on the negligence of its employees.   28 U.S.C. § 1346(b)(1).   Specifically, "[t]he statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001).   Nonetheless, the FTCA only waives the government's sovereign immunity if certain terms and conditions are met.   Honda v. Clark, 386 U.S. 484 (1967).   One of those conditions is that an FTCA action be filed within two years of the incident or within six months of the final claim denial.   28 U.S.C. § 2401(b).   Here, Plaintiff presented his claim to the appropriate agency within two years from the date of the event.   Plaintiff's administrative claim was

---

[3] Id. at 327.

denied on September 12, 2016. In the letter of final denial, Plaintiff was correctly advised that he had six months from the date of the denial to bring suit in federal court.[4] Id. Six months from the date of final denial was March 13, 2017. Plaintiff did not initiate the instant action until March 26, 2018. Therefore, Plaintiff's claim is clearly time-barred.

Because the FTCA waives the United States traditional grant of sovereign immunity, the statute must be strictly construed. United States v. Kubrick, 444 U.S. 111, 117–18 (1979). Put simply, because the United States may not be sued without its permission, the Court may not take it upon itself "to extend the waiver beyond that which Congress intended." Id. Therefore, "[i]f an action is not filed as the statute requires, the six-month time period may not be extended" by the Court. Tuttle v. United States Postal Service, 585 F.Supp. 55 (M.D.Pa. 1983) (citing United States v.Kubrick 444 U.S. 111, 117–18 )).

The undersigned recognizes that the United States Supreme Court has held that the FTCA's statute of limitations is a procedural, not jurisdictional bar. United States v. Kwai Fun Wong, 135 S.Ct. 1625, 1627 (2015). Accordingly, equitable tolling is applicable to FTCA's statute of limitation. However, equitable tolling in suits against the United States is only available in exceptional circumstances. See Muth v. United

---

[4]Title 28 U.S.C. § 2401(b) specifically states:
> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun *within six months after the date of mailing*, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

<u>States</u>, 1 F.3d 246, 251 (4th Cir. 1993).   More specifically, the Fourth Circuit has stated that equitable tolling principles are appropriate only "where the defendant has wrongfully deceived or mislead the plaintiff in order to conceal the existence of a cause of action. " <u>Kokotis v. United States Postal Service</u>, 223 F.3d 275, 280–81 (4th Cir. 2000) (quoting <u>English v. Pabst Brewing Co.</u>, 828 F.2d 1047, 1049 (4th Cir. 1987)).

Here, the agency clearly informed Plaintiff that he had six months from the date of denial to file suit in federal court.   Plaintiff was not misled by the agency, nor did the agency make any misrepresentations.   Plaintiff's lack of diligence in filing within the six month deadline does not comport with a finding of equitable tolling.

## IV.   RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that Plaintiff's complaint under the FTCA be **DISMISSED WITH PREJUDICE** because it is barred by the statute of limitations, and the cases is therefore frivolous because he has no chance at success. It is further recommended that Plaintiff's Motions to Proceed *in forma pauperis* [ECF Nos. 2 & 7] be **DENIED AS MOOT.**

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge.   Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);<u>Thomas v. Arn</u>, 474 U.S. 140

(1985) <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. Upon entry of this Report and Recommendation, the Clerk is further **DIRECTED** to terminate the Magistrate Judge association with this case.

Dated: June 5, 2018.

*/s, James E. Seibert*

JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE